## Whelley License

*Richard Kane*, for appellant.

*Raymond J. Sobota*, for Commonwealth.

BROMINSKI, J., July 27, 1965.—This is an appeal by John G. Whelley, Jr., from refusal of the Bureau of Motor Vehicles of the Commonwealth of Pennsylvania to issue to him a senior operator's permit. The pertinent facts adduced of record are as follows:

That appellant is 17 years of age and that he possesses a valid junior driver's license, duly issued by the Bureau of Motor Vehicles, Commonwealth of Pennsylvania. That on April 12, 1965, appellant made application for a senior operator's permit. That in his application he was required to answer a question as to whether or not he had been involved in any accidents while he was operating a motor vehicle. He answered that he had been, that he had scraped a parked car while parking his own vehicle and the damage to the other car amounted to $50. Of record before this court, he testified that his insurance carrier paid for the aforesaid damage. Based on the fact that appellant was involved in an accident, the Bureau of Motor Vehicles refused a senior operator's permit, pursuant to section 604.1(b) of the Act of September 16, 1961, P. L. 1367, 75 PS §604.1(b), amending The Vehicle Code of April 29, 1959, P. L. 58, which reads as follows:

"(b) Notwithstanding the foregoing provision relating to age, a regular operator's license, including all provisions of the act relating to the suspension or revocation of such licenses, may be issued to a minor who has arrived at the age of seventeen (17) years and who has successfully completed a driver's training course, which course has been approved by the Department of Public Instruction and the secretary, and who has not been involved in any accident, for which he is partially or fully responsible in the opinion of the secretary, required to be reported under section 1217 of this act, or who has not pleaded guilty or nolo contendere, or who has not been convicted of any violation of this act."

First, it is admitted of record that appellant has successfully completed a driver's training course. It then becomes necessary to refer to section 1217 of The Vehicle Code of April 29, 1959, P. L. 58. This section recites the following:

"The operator of any motor vehicle, involved in an accident resulting in bodily injury or death to any person or damage to the property of any one person in excess of one hundred dollars ($100.00), shall, within twenty-four (24) hours, forward a report of such accident to the department upon forms furnished by the department."

It is obvious from reading section 1217 that before one involved in an accident need report it, the damage involved must be in excess of $100. Here it is clear of record that the accident in which appellant was involved resulted in damage in the amount of only $50. This, of course, was not necessary for appellant to report to the department.

Consequently, the Secretary of Revenue, Bureau of Motor Vehicles, was in error in refusing appellant a senior operator's permit and thus we enter the following:

ORDER

And now, July 27, 1965, the appeal of John G. Whelley, Jr., is hereby sustained and the order of the Secretary of Revenue, Bureau of Motor Vehicles, Commonwealth of Pennsylvania, is hereby set aside and the Secretary of Revenue, Department of Motor Vehicles, Commonwealth of Pennsylvania, is hereby directed to issue forthwith a senior operator's permit to John G. Whelley, Jr.